# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIE ALLEN | CIVIL ACTION NO. 05-834 |
| VS. | SECTION P |
| RICHARD STALDER, ET AL | JUDGE MINALDI<br>MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Willie Allen on May 10, 2005. Plaintiff is currently incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff complains that he was denied his free exercise of religion, and names Department of Corrections Secretary Richard Stalder, ACC Warden O. Kent Andrews, ACC Chaplin Bowstick, and ACC program manager Carleen Vidrine as his defendants herein. As a result of the alleged constitutional violation, plaintiff seeks recovery of compensatory and punitive damages in the sum of $50,000.00 for the "violation of his constitutional rights, mental and emotional injury, lost (sic) of sleep and humiliation."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff, a member of the Muslim faith, alleges that from August 17, 2004 to the present, the defendants have repeatedly refused to place his name on the regular Muslim call-out list, thus hindering his ability to exercise his religious beliefs. More specifically, plaintiff states that he

was prevented from attending religious services and classes, as well as the Ramadan fast[1]. Plaintiff states (and provided supporting documentation) that he then sought relief via the Administrative Remedy Procedure. More specifically, plaintiff's ARP #2004-1230 was denied by the prison at the first step level[2], and plaintiff then apparently proceeded to the second step of the grievance process by filing an ARP with the Secretary of the Department of Public Safety and Corrections. Plaintiff's request for Administrative Remedy at that level was denied on March 4, 2005[3].

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[4] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in

---

[1] Ramadan is an Islamic practice requiring participants to fast during daylight hours. The Ramadan "call-out" encompasses a procedure whereby the inmates participating in the Ramadan fast would be awakened before dawn in order to eat, and the same procedure would be followed in the evening allowing the inmates to eat after dark.

[2] Plaintiff did not attach the first step response to his complaint, however, he did hand-write the contents of the response, and file same with his complaint. [Doc.1-4, p. 9].

[3] The denial stated that the staff's position in the first step response was accepted, namely that plaintiff had only attended the regular meetings as a guest, and as such was not put on the list.

[4] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. With these standards in mind, the court has evaluated the substantive claims asserted by the plaintiff. The court finds that plaintiff's complaint specifically details his theory of liability, and the thoroughness of the complaint convinces the court that plaintiff need not be afforded the opportunity to amend. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated herein, that his claims should be dismissed.

## 2. First Amendment Claim

In his First Amendment claim, plaintiff contends that he suffered mental anguish, emotional distress, psychological harm, loss of sleep, and humiliation as a result of this dispute

with prison officials. To the extent that plaintiff seeks compensation for these injuries, his claim is barred by the physical injury requirement of § 1997e(e), which states that no federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See, *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), which held that § 1997e(e) applied to a prisoner's First Amendment claims. More specifically, *Geiger* stated that Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as in *Geiger*, plaintiff's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation. Further, plaintiff's punitive damage claim has no merit as punitive damages can be awarded under section 1983 only if official conduct is motivated by "evil intent" or demonstrates "reckless or callous disregard for a constitutional right." *Smith v. Wade*, 410 U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed. 2d 632 (1983). Even liberally construing plaintiff's complaint herein, his allegations in no way rise to the level necessary to award punitive damages. Accordingly, the court concludes that plaintiff's complaint is frivolous.[5]

---

[5] In the alternative, the court notes that plaintiff's claims herein would nevertheless be considered frivolous. More specifically, inmates such as plaintiff retain the protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Of course, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives – including institutional security. See *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).

The standard for evaluating an inmate's claim that a prison regulation or practice improperly restricts his right to the free exercise of his religion requires the court to evaluate the regulation or practice in order to determine whether it "is reasonably related to legitimate penological interests." *Id.* at 349. The "reasonableness" of a regulation or practice is evaluated based upon the following inquiry:

(1) Is there a valid, rational connection between the prison regulation and the legitimate governmental

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

interest put forward by prison officials to justify the regulation?
 (2) Are there alternative means of exercising the right that remain open to prison inmates, that is, are inmates allowed other means to express their religious beliefs on a general level?
 (3) What impact will accommodation of the asserted constitutional right have on guards and other inmates and on the allocation of prison resources generally?
 (4) Are alternatives to the prison regulation available that would accommodate the inmates' rights at a *de minimis* cost to valid penological interests? *Green v. Polunsky*, 229 F.3d 486, 489-90 (5th Cir.2000) (internal quotations and citations omitted); see also *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).
 Each factor need not be considered, and the factors need not be evaluated evenly. *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77, 80 (5th Cir.1992). Plaintiff's complaint is clearly controlled by the Supreme Court's decision in *O'Lone v. Estate of Shabazz, supra*. In that case, the inmate-plaintiffs complained that they were not allowed to attend the weekly Muslim congregational service held on Friday evenings because of their assignments to work details outside the main prison grounds. *Id.*, at 345-46. The Supreme Court considered the evidence supplied by the prison administration regarding security needs, rehabilitative needs, and the impact of alternative accommodations; this evidence was evaluated in the light of those rights actually retained by the inmates to practice their religion. The Court then noted that the plaintiff-inmates were not deprived of <u>all</u> forms of religious exercise. Based upon these facts, the Supreme Court held that the "ability on the part of [the inmates] to participate in other religious observances of their faith supports the conclusion that the restrictions at issue here were reasonable." *Id.* at 352.
 Like the plaintiffs in *Shabazz*, this plaintiff has not, nor can he show that he has been deprived of <u>all</u> means of religious expression. In fact, plaintiff has not been denied his right to worship at all. Rather, plaintiff was simply not placed on the call-out list. As detailed in the first and second response to plaintiff's ARP, it appears that plaintiff was not on the list because he did not regularly attend the Friday services nor was he a regular part of the institution's Islam community. Plaintiff admitted that he had, in fact, only attended as a guest. [Doc. #1-4, p. 9]. In short, plaintiff has failed to demonstrate that his First Amendment free-exercise right has been violated. See *Mumin v. Phelps*, 857 F.2d 1055, 1056 (5th Cir.1988) (holding that even a prison regulation which <u>prohibited</u> Muslim inmates from attending Friday services was not unconstitutionally restrictive because it satisfied all four "reasonableness" considerations). "[T]he loss of [plaintiff's] absolute freedom of religious expression is but one sacrifice required by [his] incarceration...." *Scott v. Mississippi Dep't of Corrections*, 961 F.2d at 82. See *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir.1995) ("Reasonable time, place, or manner restrictions upon communal religious gatherings do not necessitate the identification of a compelling state interest.") Simply put, the defendants' actions did not deny plaintiff his free-exercise of religion rights, and even without being placed on the call-out list, plaintiff had sufficient avenues to pursue his religious exercises.

5

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of October, 2005.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE